**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JASON GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 24-00880-JLH |
| UNIVERSITY OF DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**
**TO PLAINTIFF'S COMPLAINT**

Defendant, the University of Delaware (the "University"), through its undersigned counsel, responds to Plaintiff's, Jason Gardner, Complaint (D.I. 1) (the "Complaint") as follows:

1. This paragraph contains Plaintiff's characterization of his claims, to which no response is required. To the extent a response is required, the University admits only that the Complaint purports to allege: violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), the Delaware Discrimination in Employment Act, 19 *Del. C.* § 710 (the "DDEA"), and 42 U.S.C. § 1981 ("Section 1981") and a breach of the implied covenant of good faith and fair dealing.[1] The University denies it is liable to Plaintiff in connection with those claims and further denies Plaintiff is entitled to damages or any other form of relief.

2. Admitted only that Plaintiff was hired on June 3, 2022 (with an effective date of July 1, 2022) as an Associate Operations Director, Finance in the National Institute for Innovation in Manufacturing Biopharmaceuticals ("NIIMBL"). That position carried a probationary period

[1] Plaintiff references "promissory estoppel" in paragraph one of the Complaint. However, a claim for promissory estoppel is not refenced elsewhere in the Complaint and is not asserted in the Complaint's "Counts" section. Thus, the University asses the reference was inadvertent. To the extent the reference was not inadvertent, the University denies it is liable to Plaintiff in connection with any such claim or that Plaintiff is entitled to any related relief.

of twelve months and was grant funded. Continuation of Plaintiff's position was dependent on the availability of external funding. All other allegations in this paragraph are denied.

3. Denied as stated. Admitted that Plaintiff assumed the role of Operations Director, Finance in NIIMBL. The University also admits, on October 13, 2022, Plaintiff was informed he was added to a search committee for a position within NIIMBL and was sent the following University resources: (1) an "unconscious bias at work" video; (2) an "Introduction to Talent Link: Search Committees;" and (3) a "Search Committee Training." The University further admits Plaintiff's employment as Operations Director, Finance was terminated effective February 23, 2023. The University is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding "beliefs" or "perceptions" of Plaintiff or members of the search committee and, therefore, denies all allegations regarding alleged "beliefs" and "perceptions," including beliefs and perceptions regarding the purported qualifications of candidates. All other allegations in this paragraph are denied. The University specifically denies it terminated Plaintiff's employment because it did not "like the optics and perception created by a Caucasian male hiring another Caucasian male." The University also denies Plaintiff conducted the candidate search in accordance with applicable University instructions and protocols.

4. Denied.

5. Denied.

6. Denied.

7. This paragraph contains a conclusion of law to which no response is required. To the extent a response is required, the University admits only that the Complaint purports to state causes of action under Title VII and Section 1981 and this Court has subject-matter jurisdiction over matters involving questions of federal law.

8. The University is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first half of this paragraph and, therefore, they are denied. Regarding the allegations in the second half of this paragraph, the University admits only that Plaintiff was employed by the University from July 1, 2022 through February 23, 2023.

9. Admitted only that the University is organized under Delaware law pursuant to its corporate charter, and is a publicly-supported university located in the state of Delaware, with an address at 210 South College Avenue, Newark, DE 19716.

10. The allegations in this paragraph refer to a document, an alleged "Charge of Discrimination," which speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged Charge of Discrimination.

11. The allegations in this paragraph refer to a document, an alleged October 27, 2023 deferral, which speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged deferral.

12. The allegations in this paragraph refer to a document, an alleged "Final Determination and Right to Sue Notice," which speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged Final Determination and Right to Sue Notice.

13. The allegations in this paragraph refer to a document, an alleged "Determination and Notice of Rights," which speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged Determination and Notice of Rights.

14. This paragraph states a conclusion of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

15. This paragraph states a conclusion of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

16. Admitted only that Plaintiff was hired on June 3, 2022 (with an effective date of July 1, 2022) as an Associate Operations Director, Finance in NIIMBL.

17. Admitted only Plaintiff assumed the role of Operations Director, Finance in NIIMBL. The University is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's perception of his qualifications and, therefore, denies all such allegations.

18. The University admits only that, on October 13, 2022, Plaintiff was informed he was added to a search committee for a position within NIIMBL. All other allegations in this paragraph are denied. The University specifically denies Plaintiff conducted the candidate search in accordance with applicable University instructions and protocols.

19. The University is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied.

20. Denied as stated. The University admits only that Plaintiff enrolled in, but never completed, the University's "Search Committee Training." All other allegations in this paragraph are denied. The University specifically denies Plaintiff completed all mandatory training regarding search committee participation.

21. Denied.

22. Admitted only that the University utilizes a program called "Talent Link" in connection with certain aspects of recruitment and hiring of candidates for employment with the University. The remaining allegations in this paragraph are denied.

23. The allegations in this paragraph refer to a document, an alleged "TalentLink" posting, which speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged posting.

24. The allegations in this paragraph refer to a document, an alleged "TalentLink" posting, which speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged posting.

25. The allegations in this paragraph refer to alleged instructions, which speak for themselves. The University denies any inaccurate characterization or misrepresentation of the alleged instructions.

26. The allegations in this paragraph refer to alleged communications between Plaintiff and Ms. Sanford which, to the extent such communications occurred, speak for themselves. The University denies any inaccurate characterization or misrepresentation of the alleged communications.

27. Admitted only that the University received applications from six individuals after posting a job opening for a position within NIIMBL on Talent Link. The remaining allegations in this paragraph are denied. The University specifically denies Plaintiff was instructed to post a position for a "Financial Analyst II" rather than "Financial Analyst I." The University also denies Plaintiff conducted the candidate search in accordance with applicable University instructions and protocols.

28. The allegations in this paragraph refer to Plaintiff's perception regarding candidate qualifications. The University is without sufficient knowledge or information to form a belief as to the truth of allegations regarding Plaintiff's perceptions and, therefore, denies the allegations in this paragraph.

29. The University is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied.

30. Admitted only that three individuals were interviewed by the University in connection with the job opening for a position within NIIMBL. The University is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the perceptions of Plaintiff or members of the "panel" regarding candidate qualifications and, therefore, all allegations regarding such alleged perceptions are denied.

31. Admitted only that three individuals were interviewed by the University in connection with a job opening for the NIIMBL position posted on Talent Link and that one of those individuals was employed by the University at the time of the interview. The University is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the perceptions of Plaintiff or members of the "panel" regarding candidate qualifications and, therefore, denies all such allegations.

32. The University is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied.

33. The allegations in this paragraph refer to an alleged communication between Plaintiff, Ms. Sanford, the "Panel," and "Human Resources" which, to the extent such communication occurred, speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged communication.

34. The allegations in this paragraph refer to alleged communications between Plaintiff, Ms. Sanford, the "Panel," and "Human Resources" which, to the extent such communications occurred, speaks for themselves. The University denies any inaccurate characterization or misrepresentation of the alleged communications. The University specifically

denies Plaintiff conducted the candidate search in accordance with applicable University instructions and protocols.

35. The allegations in this paragraph refer to an alleged "ranking system" which, to the extent it exists, speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged ranking system.

36. The allegations in this paragraph refer to alleged candidate rankings, which speak for themselves. The University denies any inaccurate characterization or misrepresentation of alleged rankings.

37. The allegations in this paragraph refer to an alleged communication between Plaintiff and Ms. Sanford which, to the extent such communication occurred, speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged communication.

38. The allegations in this paragraph refer to the University's policies and procedures regarding recruitment and hiring, which speak for themselves. The University denies any inaccurate characterization or misrepresentation of the policies and procedures.

39. The allegations in this paragraph refer to a candidate's stated qualifications, which speak for themselves. The University denies any inaccurate characterization or misrepresentation of the alleged qualifications.

40. The allegations in this paragraph refer to documents regarding a candidate's qualifications, which speak for themselves. The University denies any inaccurate characterization or misrepresentation of the alleged documentation.

41. The allegations in this paragraph refer to alleged communications between Plaintiff, Ms. Sanford, and Ms. Rosario which, to the extent such communications occurred, speak

for themselves. The University denies any inaccurate characterization or misrepresentation of the alleged communications.

42. The allegations in this paragraph refer to alleged candidate rankings, which speak for themselves. The University denies any inaccurate characterization or misrepresentation of alleged rankings.

43. The allegations in this paragraph refer to alleged communications between Plaintiff and Ms. Sanford which, to the extent such communications occurred, speak for themselves. The University denies any inaccurate characterization or misrepresentation of the alleged communications.

44. The allegations in this paragraph refer to alleged communications between Plaintiff, Ms. Sanford, and the "panel" which, to the extent such communications occurred, speak for themselves. The University denies any inaccurate characterization or misrepresentation of the alleged communications.

45. The allegations in this paragraph refer to an alleged offer for employment, which speaks for itself. The University denies any inaccurate characterization or misrepresentation of alleged offer.

46. Admitted only that the compensation requested for a Financial Analyst II position was not approved. All other allegations in this paragraph are denied. The University specifically denies Plaintiff was instructed to post a position for a "Financial Analyst II" rather than "Financial Analyst I."

47. Admitted only that the compensation requested for a Financial Analyst II position was not approved. All other allegations in this paragraph are denied. The University specifically

denies Plaintiff was instructed to post a position for a "Financial Analyst II" rather than "Financial Analyst I."

48. The allegations in this paragraph refer to alleged communications between Plaintiff and a "compensation manager" which, to the extent such communications occurred, speak for themselves. The University denies any inaccurate characterization or misrepresentation of the alleged communications.

49. The allegations in this paragraph refer to alleged communications between Plaintiff, Ms. Smith, and Ms. Koval which, to the extent such communications occurred, speak for themselves. The University denies any inaccurate characterization or misrepresentation of the alleged communications.

50. The allegations in this paragraph refer to an alleged "Financial Analyst II job description," which speaks for itself. The University denies any inaccurate characterization or misrepresentation of alleged job description. The University specifically denies Plaintiff was instructed to post a position for a "Financial Analyst II" rather than "Financial Analyst I."

51. Admitted only that a salary of $94,000 was approved for the position of Senior Financial Analyst. The remaining allegations in this paragraph are denied.

52. The allegations in this paragraph refer to alleged communications between Plaintiff and Ms. Sanford which, to the extent such communications occurred, speak for themselves. The University denies any inaccurate characterization or misrepresentation of the alleged communications.

53. Admitted only that Jeremy Ahlrich was hired as a Senior Financial Analyst by the University. The remaining allegations in this paragraph are denied. The University specifically denies Jeremy Ahlrich was qualified for the position of Senior Financial Analyst.

54. Admitted only that an employment offer for the position of Senior Financial Analyst was sent to Jeremy Ahlrich and that offer was accepted. The remaining allegations in this paragraph are denied. The University specifically denies Jeremy Ahlrich was qualified for the position of Senior Financial Analyst.

55. The allegations in this paragraph refer to an alleged communication between Plaintiff and Dr. Lee which, to the extent such communication occurred, speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged communication.

56. The allegations in this paragraph refer to an alleged communication between Plaintiff and Dr. Lee which, to the extent such communication occurred, speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged communication.

57. The allegations in this paragraph refer to alleged communications between Plaintiff and Dr. Lee which, to the extent such communications occurred, speak for themselves. The University denies any inaccurate characterization or misrepresentation of the alleged communications.

58. The allegations in this paragraph refer to an alleged communication between Plaintiff and Dr. Lee which, to the extent such communication occurred, speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged communication.

59. The allegations in this paragraph refer to an alleged communication between Plaintiff and Dr. Lee which, to the extent such communication occurred, speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged

communication. The University specifically denies Dr. Lee stated "the optics of a white male hiring another white male do not look good for UD."

60. Denied.

61. The allegations in this paragraph refer to a termination letter, which speaks for itself. The University denies any inaccurate characterization or misrepresentation of alleged letter.

62. The allegations in the first sentence of this paragraph refer to Plaintiff's disciplinary and performance record, which speaks for itself. The University denies any inaccurate characterization or misrepresentation of the record. The allegations in the second sentence of this paragraph are denied.

63. Denied.

64. The allegations in the first sentence of this paragraph refer to an alleged communication between Plaintiff and the University which, to the extent such communication occurred, speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged communication. The allegations in this second sentence of this paragraph are denied.

65. The University incorporates its answers to Paragraphs 1 through 64 as if set forth fully herein.

66. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

67. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

68. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

69. The allegations in this paragraph refer to a document, an alleged "Right to Sue Letter," which speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged Right to Sue Letter.

70. The allegations in this paragraph refer to a document, an alleged "Right to Sue Letter," which speaks for itself. The University denies any inaccurate characterization or misrepresentation of the alleged Right to Sue Letter.

71. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

72. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

73. Denied.

74. Denied.

75. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

76. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

77. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

78. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. The University incorporates its answers to Paragraphs 1 through 83 as if set forth fully herein.

85. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

86. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

87. The University admits Plaintiff's employment as Operations Director, Finance was terminated effective February 23, 2023.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. The University incorporates its answers to Paragraphs 1 through 91 as if set forth fully herein.

93. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

94. The allegations in this paragraph refer to a termination letter, which speaks for itself. The University denies any inaccurate characterization or misrepresentation of alleged letter.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the acts and/or omissions of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The University would have made the same employment decisions challenged by Plaintiff in this action without regard to Plaintiff's alleged protected characteristic.

### FOURTH AFFIRMATIVE DEFENSE

All actions taken by the University were for legitimate and non-discriminatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that the legitimate nondiscriminatory reasons for the University's actions were pretext for unlawful discrimination.

### SIXTH AFFIRMATIVE DEFENSE

There is no causal nexus between Plaintiff's race and any action taken by the University pertaining to him.

### SEVENTH AFFIRMATIVE DEFENSE

The University did not interfere with, or violate, Plaintiff's rights under Title VII.

### EIGHTH AFFIRMATIVE DEFENSE

The University did not interfere with, or violate, Plaintiff's rights under the DDEA.

### NINTH AFFIRMATIVE DEFENSE

The University did not interfere with, or violate, Plaintiff's rights under Section 1981.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate his damages and, therefore, has waived his rights, to the extent any such rights existed, to any claim for damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust his administrative remedies.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff was not qualified for his position when he was separated from the University.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The University did not breach any implied covenant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff did not allege an enforceable contract.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled the relief requested in his Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The University acted reasonably and in good faith at all times with regard to decisions at issue in the Complaint.

**RESERVATION OF RIGHTS**

The University reserves the right to assert any and all additional affirmative defenses which may be determined during the course of litigation.

**WHEREFORE**, the University respectfully requests this Court: (a) deny and dismiss Plaintiff's claims for relief with prejudice; (b) award the University its reasonable attorneys' fees

and costs incurred in responding to Plaintiff's complaint; and (c) award such further and other relief as this Court deems proper.

**SAUL EWING LLP**

/s/ *Jessica M. Jones*
James D. Taylor, Jr. (#4009)
Jessica M. Jones (#6246)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
(302) 421-6800
james.taylor@saul.com
jessica.jones@saul.com

Dated: September 30, 2024